| | | | |
|---|---|---|---|
| In re: | ) | | |
| Theresa McGee, | ) | Case No: | 15-80420 |
| | ) | Chapter: | 13 |
| *Debtor*. | ) | | |
| | ) | | |
| | ) | | |
| Theresa McGee, | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | AP No: | 20-_____ |
| | ) | | |
| Select Portfolio Servicing, Inc., | ) | | |
| | ) | | |
| *Defendant*. | ) | | |
| | ) | | |

## COMPLAINT

**COMES NOW** Plaintiff, Theresa McGee, by and through the undersigned counsel, and

presents this complaint for equitable and monetary relief against Defendant, Select Portfolio

Servicing, Inc., and alleges as follows:

### INTRODUCTION

1.     Plaintiff initiates this *Complaint* by and through the following: 11 U.S.C. §§ 105(a),

362(a), 362(k), 524(a), 524(i), 1306(a) and 1327(a); R. 3002.1, Fed. R. Bankr. P.; and 15 U.S.C.

§ 1692, *et seq.*; and seeks equitable, injunctive and monetary relief from Defendant.

### JURISDICTION AND VENUE

2.     Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of*

*Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this

adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper

before this Honorable Court.

3.    This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and

1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to

the entry of final orders by this Honorable Court.

## PARTIES

4.    Plaintiff, Theresa McGee, is a natural person, resides within the geographical area

encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of

Alabama, and is a debtor in the underlying bankruptcy case. Plaintiff is a "consumer" as that term

is defined by 15 U.S.C. § 1681a(c).

5.    Defendant, Select Portfolio Servicing, Inc., is a Foreign Corporation, has a principal

place of business at 3815 South West Temple, Salt Lake City, Utah 84115-4412, and is a creditor

and/or the agent of a creditor in the underlying bankruptcy case. Defendant is a "debt collector"

as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, 40-12-80 (1975).

## FACTUAL ALLEGATIONS

6.    On April 1, 2015, Plaintiff filed a *Voluntary Petition* and accompanying schedules

(collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same

being filed in the United States Bankruptcy Court for the Middle District of Alabama and

bearing bankruptcy case number 15-80420 ("Bankruptcy Case"). ECF Doc. 1.[1]

7.    At the time she filed the Petition, Plaintiff was indebted to Nationstar Mortgage, LLC

("Nationstar") as the result of promissory note ("Note") secured by a mortgage ("Mortgage")

against Plaintiff's residence located at 32 Hannah Lane in Wedowee, Alabama ("Property");

---

[1] All references herein to "ECF Doc." refer to the identified document within the Bankruptcy Case.

2

accordingly, within *Schedule D* of the Petition, Plaintiff identified Nationstar as the holder of a claim in the amount of $43,834.72 secured by the Property. ECF Doc. 1.

8.      Within the *Chapter 13 Plan*, Plaintiff provided for direct payments to Nationstar in the amount of $453.73 per month. ECF Doc. 3.

9.      On June 25, 2015, this Court entered an *Order Confirming Chapter 13 Plan* ("Confirmation Order") ECF Doc. 22.

10.     On August 24, 2015, Nationstar filed *Proof of Claim* number 7 ("Claim") and represented therein its entitlement to an indebtedness in the amount of $43,814.63, with $453.78 of said amount specified for pre-petition arrearage, with the same secured by the Property.[2]

11.     On April 23, 2018, Nationstar filed supplemental *Proof of Claim* number 8 ("Supplemental Claim") and therein represented entitlement to a post-petition arrearage in the amount of $3,081.90 related to three (3) missed payments, bankruptcy fees, and related costs.[3]

12.     On October 22, 2019, Defendant filed a *Transfer of Claim Other Than for Security* and thereby noticed its status as the servicer for the mortgage loan. ECF Doc. 42.

13.     On December 24, 2019, Defendant mailed correspondence to Plaintiff wherein an escrow surplus in the amount of $1,410.23 is identified and specified for return to Plaintiff; however, said amount has not been returned to Plaintiff as of the date of the filing of this *Complaint*.

14.     On January 29, 2020, the Chapter 13 Trustee filed a *Notice of Final Cure Payment* and therein represented that the trust had not remitted payment for any prepetition arrearage (which was reduced to zero by agreement and consent order as set forth above) or post-petition fees, expenses or other charges, relative to the Claim. ECF Doc. 51.

---

[2] Plaintiff objected to Defendant's claim to the extent of the pre-petition arrearage and the parties reached an agreement regarding the objection; accordingly, on November 6, 2015, this Court entered a consent *Order on Objection to Claim* which thereby eliminated the pre-petition amount from the claim.
[3] The Supplemental Claim was filed due to the parties' consent agreement upon Nationstar's Motion for Relief.

3

15.     On January 29, 2020, the Chapter 13 Trustee filed a *Notice of Final Cure Payment* and therein represented that the trustee had remitted full payment for the allowed post-petition arrearage, fees and other charges in the amount of $3,081.90, relative to the Supplemental Claim. ECF Doc. 50.

16.     On February 14, 2020, Defendant filed a *Response to Notice of Final Cure Payment* and therein acknowledged and agreed that pre-petition arrears had been cured; however, Defendant represented that Debtor owed post-petition arrears of $2,092.06 related to the period from October 1, 2019 through February 1, 2020.

17.     Plaintiff remitted all payments for the period of October 1, 2019 through February 1, 2020 and/or for the period specified as being in post-petition default.

18.     On February 26, 2020, Plaintiff filed a *Debtor's Motion to Determine Final Cure and Mortgage Payment Rule 3002.1* ("Motion to Determine") and therein moved this Court to enter an *Order* "striking the Response to Notice of Final Cure Payment and to declare her post-petition mortgage payments to be current." ECF Doc. 59.

19.     In support of the Motion to Determine, Plaintiff provided an *Affidavit* in support of her position that she remitted all post-petition mortgage loan payments for the period from April 1, 2018 through February 18, 2020. ECF Doc. 61.

20.     Debtor remitted payments to Defendant for the subject period as follows:

    a.  March Payment, Remitted March 5, 2020, amount of $470.00;

    b.  April Payment, Remitted April 2, 2020, amount of $430.00;

    c.  May Payment, Remitted April 30, 2020, amount of $440.00;

    d.  June Payment, Remitted June 4, 2020, amount of $430.00;

    e.  July Payment, Remitted July 2, 2020, amount of $440.00;

f.   August Payment, Remitted July 30, 2020, amount of $440.00; and

g.   September Payment, Remitted September 3, 2020, amount of $430.00.

21.   An evidentiary hearing on Plaintiff's Motion to Determine was set for March 24, 2020.

ECF Doc. 64.

22.   The evidentiary hearing on Plaintiff's Motion to Determine was reset for June 2, 2020.

ECF Doc. 66.

23.   The evidentiary hearing on Plaintiff's Motion to Determine was again reset for August

17, 2020.  ECF Doc. 73, 79, 80 and 81.

24.   On August 5, 2020, Plaintiff submitted her *Witness List* for the evidentiary hearing.  ECF

Doc. 85.

25.   On August 17, 2020, this Court conducted an evidentiary hearing on Plaintiff's Motion to

Determine.

26.   On August 17, 2020, this Court entered an *Order Granting Debtor's Motion*

("Determination Order") wherein it was declared and ordered that Plaintiff's "post-petition

mortgage payments to Select Portfolio Servicing, Inc. are current through February 2020."  ECF

Doc. 88.

27.   On September 9, 2020, this Court entered an *Order of Discharge* in the Bankruptcy Case.

28.   On September 10, 2020, the Chapter 13 Trustee filed a *Final Report and Account* and

therein represented that the sum of $3,081.91 was paid against Defendant's Supplement Claim,

which paid the claim in full.  ECF 94.

29.   On September 14, 2020, Defendant mailed correspondence to Plaintiff and therein

declared the mortgage loan to be in default, advised Plaintiff of her right to cure the default, and

further advised that, in the absence of payment in the amount of $2,869.93 on or before October 17, 2020, Plaintiff could face foreclosure and other collection related activities.

30.     On September 28, 2020, Defendant mailed correspondence to Plaintiff and therein offered mortgage assistance based an alleged delinquency.

31.     Over the most recent six-month period, Defendant has mailed monthly mortgage statements to Plaintiff which erroneously reflect that the mortgage loan account is approximately five (5) months delinquent, that the recent payment was applied to a due date approximately five (5) months earlier, and that the account is in arrears or default to the extent of in excess of $2,000.00.

32.     Defendant has failed and/or refused to apply Plaintiff's post-petition monthly mortgage payments in accordance with the Mortgage, Note, and Chapter 13 Plan, in contempt of the Confirmation Order and of the Determination Order and in violation of the automatic stay, which resulted in a false post-petition, post-discharge delinquency, and threat of collection action.

33.     Defendant has misapplied Plaintiff's post-petition monthly mortgage payments to unapproved charges, expenses and/or other fees, which resulted in a false post-petition and post-discharge delinquency, in contempt of the Confirmation Order and of the Determination Order and in violation of the automatic stay, which resulted in a false post-petition, post-discharge delinquency, and threat of collection action.

34.     Defendant has misapplied Plaintiff's post-petition monthly mortgage payments by depositing the same into a suspense or unapplied funds account, despite the terms set forth within the Mortgage, Note, and Chapter 13 Plan, in contempt of the Confirmation Order and Determination Order and in violation of the automatic stay, which resulted in a false post-petition and post-discharge delinquency, and threat of collection action.

6

35.     Defendant has failed to accurately account for all post-petition direct and trustee payments.

36.     Defendant has mailed inaccurate post-petition mortgage statements to Plaintiff.

37.     Defendant has exercised control over Plaintiff's post-petition earnings, to wit, the monies remitted for application against the monthly mortgage payments, by depositing the same in to an unapplied funds or suspense account as opposed to applying the funds as required by the Mortgage, Note and Chapter 13 Plan, in contempt of the Confirmation Order and Determination Order and in violation of the automatic stay.

38.     Defendant has engaged in conduct that has created and/or fabricated a false default in the status of Plaintiff's mortgage loan account.

39.     Defendant has misrepresented the balance and status of the mortgage loan account.

40.     Defendant has engaged in efforts to collect an amount from Plaintiff without any legal basis to collect said amount.

41.     Plaintiff fears that, in the absence of this Court's intervention, Defendant will foreclose the mortgage against her residence.

42.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. § 362(a)(3), (4) and (5)

43.     Plaintiff incorporates herein by reference each of the foregoing paragraphs.

44.     Defendant violated and continues to violate 11 U.S.C. § 362(a)(3), (4) and (5) as more so identified herein above.

7

45.     Specifically, Defendant's unlawful acts include, but are not limited to, the following:

a.  failing to apply mortgage payments in accordance with the Mortgage, Note and Chapter 13 Plan, in contempt of the Confirmation and Determination Orders, and in violation of the automatic stay;

b.  demanding mortgage payments in an amount that is not due and owing, and in an amount that is contrary to the Mortgage, Note and Chapter 13 Plan, in contempt of the Confirmation and Determination Orders, and in violation of the automatic stay;

c.  threatening foreclosure and related collection activities in the absence of payment of an amount that is not due and owing, and in an amount that is contrary to the Mortgage, Note and Chapter 13 Plan, in contempt of the Confirmation and Determination Orders, and in violation of the automatic stay;

d.  depositing mortgage payments into a suspense or unapplied funds account and exercising control over those funds as opposed to applying the funds to the mortgage loan account as required by the Mortgage, Note and Chapter 13 Plan, in contempt of the Confirmation and Determination Orders, and in violation of the automatic stay;

e.  engaging in conduct the nature and result of which is to create a false default and delinquency on the mortgage loan account;

f.  exercising control over the monthly mortgage payments by applying the same as desired and not in conjunction with the Mortgage, Note and Chapter 13 Plan, in contempt of the Confirmation and Determination Orders, and in violation of the automatic stay; and

g. engaging in collection activities the nature of which is to enforce, attempt to enforce, or commence enforcement proceedings related to Defendant's pre-petition lien against the Property.

46. Defendant's acts or omissions to act, as described herein above, which Defendant undertook with knowledge of the Bankruptcy Case and Orders of this Court, constitute intentional and willful violations of the automatic stay.

47. As a direct and proximate result of Defendant's contemptuous and unlawful conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT II
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

48. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

49. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) attempting to collect a debt in an amount that is not legally owed, and/or by using deceptive, false and/or misleading representations in efforts to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10); and

b) engaging in unlawful, unfair and unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f, 1692f(1) and 1692f(6).

50. Defendant has engaged and continues to engage in efforts to collect an amount that is not due and owing from Plaintiff, which efforts are violative of the Confirmation Order, Determination Order, and/or Order of Discharge, and accordingly unlawful.

9

51.     Defendant has engaged and continues to engage in acts directed at collecting and foreclosing related to amounts that are not due and owing.

52.     Defendant has made and continues to make false and misleading representations during the process of servicing the Mortgage and Note.

53.     As a direct and proximate result of Defendant's contemptuous and unlawful conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

**COUNT III**
**CONTEMPT OF COURT**

54.     Plaintiff incorporates herein by reference each of the foregoing paragraphs.

55.     Defendant has engaged in acts that are contrary to and violative of the Confirmation Order, as more fully described herein above, related to the period post-petition and pre-discharge.

56.     Defendant has engaged in acts that are contrary to and violative of the Determination Order, as more fully described herein above, related to the period post-petition and post-discharge.

57.     Defendant has engaged in acts that are contrary to and violative of the Order of Discharge.

58.     As a direct and proximate result of Defendant's contemptuous and unlawful conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

10

## COUNT IV
## VIOLATIONS OF 11 U.S.C. §§ 524(a) AND 524(i)

59.     Plaintiff incorporates herein by reference each of the foregoing paragraphs.

60.     Defendant has engaged and continues to engage in acts that are contrary to violate of 11 U.S.C. §§ 524(a) and 524(i), as more fully set forth herein above.

61.     Defendant has engaged and continues to engage in post-discharge acts to collect money from Plaintiff that is not due and owing related to the Mortgage and Note.

62.     Defendant willfully failed to credit Plaintiff's post-petition monthly mortgage payments as required by the Mortgage, Note and Chapter 13 Plan, as confirmed and/or modified by the Confirmation Order and Determination Order, which has caused material injury to Plaintiff.

63.     As a direct and proximate result of Defendant's contemptuous and unlawful conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration, loss of money and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a.      declaring that Defendant has willfully violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

b.      declaring that Defendant has acted in contempt of the Confirmation Order, the Determination Order and the Order of Discharge pursuant to 11 U.S.C. §§ 105(a), 524(a), 524(i) and 1327(a);

c.      declaring that Defendant has willfully violated the various provisions of the FDCPA, 15 U.S.C. § 1692, et seq.;

11

d.     awarding to Plaintiff and against Defendant actual, compensatory and punitive

damages for Defendant's willful violations of the aforesaid automatic stay

provisions, pursuant to 11 U.S.C. § 362(k);

e.     awarding to Plaintiff and against Defendant actual, compensate and punitive

damages, along with coercive and punitive sanctions as appropriate, for

Defendant's contemptuous acts, pursuant to 11 U.S.C. § 105(a);

f.     awarding to Plaintiff and against Defendant actual, compensatory, statutory and

punitive damages, as available, for Defendant's violations of the FDCPA,

pursuant to 15 U.S.C. § 1692k;

g.     awarding to Plaintiff and against Defendant the fees, costs and expenses of this

litigation, pursuant to 11 U.S.C. §§ 105(a) and 362(k) and 15 U.S.C. § 1692k; and

h.     awarding such other and further relief as this Honorable Court deems just and

appropriate, including any equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the October 7, 2020.

/s/ Anthony B. Bush
Anthony B. Bush
Special Counsel for Plaintiff/Debtor

**OF COUNSEL:**
Anthony B. Bush, Esq.
The Bush Law Firm, LLC
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:          (334) 263-7733
Facsimile:      (334) 832-4390
E-mail:         anthonybbush@yahoo.com
                abush@bushlegalfirm.com

SERVICE ADDRESSES:

Select Portfolio Servicing, Inc.
C/o Northwest Registered Agent Service, Inc.
212 West Troy Street, Suite B
Dothan, Alabama 36303

Select Portfolio Servicing, Inc.
c/o Timothy O'Brien, CEO/President
3217 South Decker Drive
Salt Lake City, Utah 84119-3284